UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CURTIS F. SAMPLE, JR., <br><br> Plaintiff, <br><br> v. <br><br> OFC. T. GARCIA and LT. M. ITODO, <br><br> Defendants. | CAUSE NO. 3:19-CV-538 DRL-MGG |

OPINION AND ORDER

Curtis F. Sample, Jr., a prisoner without a lawyer, is proceeding in this case on one claim "against Lt. Moses Itodo in his individual capacity for compensatory and punitive damages for subjecting Mr. Sample to excessive force when he shoved him into a fence post on June 24, 2017," and on one claim "against Lt. Moses Itodo and Ofc. Terrie Garcia in their individual capacities for compensatory and punitive damages for subjecting Mr. Sample to unsanitary living conditions from being housed in a cell with feces, urine, blood, vomit, and semen from June 24, 2017 to July 6, 2017, in violation of the Eighth Amendment[.]" ECF 18 at 13-14. The defendants filed a motion for summary judgment, arguing Mr. Sample did not exhaust his administrative remedies before filing suit. ECF 25. Mr. Sample filed a response, and the defendants filed a reply. ECF 36, 37. The summary judgment motion is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such

that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." *Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407 (7th Cir. 2009).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The law takes a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "unless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred." *Pozo v. McCaughtry*, 286 F.3d 1022, 1023 (7th Cir. 2002).

In their summary judgment motion, the defendants argue Mr. Sample did not exhaust his administrative remedies because he never appealed the denial of his grievances. ECF 26 at 5-8. Mr. Sample's grievance records show he complained of the allegations in his complaint in Grievances 97763 and 97766, which were received by the grievance office on August 7, 2017. ECF 25-4, 25-6.[1] On August 28, 2017, the grievance office denied both grievances on the merits. *Id.* Mr. Sample's grievance history reflects he never appealed either grievance. ECF 25-3. Moreover, the prison's grievance specialist attests Mr. Sample did not appeal the denial of either grievance. ECF 25-1 at 6-7.[2]

In his response, Mr. Sample does not dispute the defendants' assertion he failed to exhaust his administrative remedies. *See* ECF 36. The court thus accepts as undisputed that Mr. Sample did not exhaust his administrative remedies before filing this lawsuit. Instead, Mr. Sample argues this lawsuit "does not require the exhaustion of administrative remedies" because it addresses an Eighth Amendment constitutional issue. *Id.* at 4. However, the PLRA's exhaustion requirement is applicable to this lawsuit because Mr. Sample's claims relate to his prison conditions. *See* 42 U.S.C. § 1977e(a) ("[n]o action shall be brought with respect to prison conditions under section 1983 of this title,

---

[1] Mr. Sample also complained about unsanitary living conditions in Grievance 101605, which he submitted in March 2018. ECF 25-5. However, this grievance complains of the limited availability of mouse traps in the prison facility and is thus unrelated to the allegations in Mr. Sample's complaint. *See id.*

[2] Mr. Sample included an appeal form for Grievance 97766 as an attachment to his complaint. ECF 1 at 47; ECF 25-7. However, this appeal form contains no signatures indicating it was received by the grievance office, and the Grievance Specialist attests Mr. Sample never submitted this appeal form to the warden. *See id.*; ECF 25-1 at 7. Mr. Sample does not address whether he ever submitted this appeal form. *See* ECF 36.

or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted"); *see also Porter v. Nussle*, 534 U.S. 516, 532 (2002) ("the PLRA's exhaustion requirement applies to all inmate suits about prison life"). Mr. Sample cites *Wolff v. McDonnell,* 418 U.S. 539 (1974), for the premise that administrative remedies need not be exhausted when raising an Eighth Amendment claim. ECF 36 at 2-4. But *Wolff* is inapplicable here because it was decided before the PLRA and does not address the exhaustion of administrative remedies. Mr. Sample also asserts numerous other prisoners have filed similar lawsuits against the prison regarding the allegations in his complaint, but he does not explain how this argument is relevant to the exhaustion of his administrative remedies. *Id.* at 3-4. Last, Mr. Sample asserts "a written appeal to the facility head would have done nothing to mitigate the living conditions" at the prison. *Id.* at 4-5. But Mr. Sample is required to exhaust his remedies even if he believes they are futile. *See Dole v. Chandler*, 438 F.3d 804, 808-809 (7th Cir. 2006) ("Exhaustion is necessary even if the prisoner is requesting relief that the relevant administrative review board has no power to grant, such as monetary damages, or if the prisoner believes that exhaustion is futile. The sole objective of [42 U.S.C.] § 1997e(a) is to permit the prison's administrative process to run its course before litigation begins") (citations and quotation marks omitted). Thus, because Mr. Sample was required to exhaust his administrative remedies prior to filing this lawsuit and it is undisputed he did not do so, summary judgment must be granted in favor of the defendants.

    For these reasons, the court:

(1) GRANTS the defendants' summary judgment motion (ECF 25); and

(2) DIRECTS the clerk to enter judgment in favor of the defendants and against Curtis F. Sample and to close this case.

SO ORDERED.

November 12, 2021              <u>*s/ Damon R. Leichty*</u>
                               Judge, United States District Court